**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| MYESHIA MITCHELL, | |
| Plaintiff, | |
| v. | Civil Action No. 12-1801 (JEB) |
| CVS PHARMACY, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

On October 11, 2012, Plaintiff Myeshia Mitchell filed this *pro se* action in D.C. Superior Court, alleging in rambling fashion that Defendant CVS Pharmacy had improperly terminated her employment. See ECF No. 1 (Notice of Removal), Attach. 1 (Complaint). CVS removed the action here and then moved for a more definite statement. See ECF No. 3. When Plaintiff failed to respond, the Court granted the motion and required Mitchell to amend her Complaint with more particulars by January 4, 2013. The document she then filed on January 3, entitled "A Re-Write of Case," includes a form purportedly filled out by the D.C. Employment Justice Center and six additional handwritten pages about her experiences at CVS. See ECF No. 8. CVS has now moved to dismiss or, in the alternative, for another more definite statement. See ECF No. 9. Believing a clearer articulation is warranted, the Court will grant Defendant's alternative request.

Federal Rule of Civil Procedure 12(e) permits a defendant to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the [defendant] cannot reasonably prepare a response." Plaintiff's Complaint and her "Re-Write of Case" contain a great deal of detail, much of which is hard to follow, but

they never provide certain fundamental information. Defendant's Motion thus correctly points out numerous defects and omissions that Plaintiff must fix in order for CVS to respond. The Court believes that laying out particular questions for *pro se* Plaintiff to answer may prove beneficial. If she amends her Complaint, she should answer or explain the following: (1) What is the address or specific location of the CVS store(s) at which Plaintiff worked? (2) Was Plaintiff actually terminated and, if so, when and by whom? (3) What legal claim or claims is she asserting – *e.g.*, wrongful termination, violation of the D.C. Human Rights Act, and/or violation of Title VII of the Civil Rights Act of 1964? (4) If she is alleging discrimination, what type of discrimination is she alleging? (5) Is she alleging that the discrimination resulted in termination, reduction in work, lack of promotion, or some combination of these?

The Court will permit Plaintiff to file an Amended Complaint by April 3, 2013, that lays out the facts supporting her claims in a simple and clear fashion and includes answers to the Court's questions.

The Court, accordingly, ORDERS that:

1.  Defendant's Motion to Dismiss is DENIED as premature;

2.  Defendant's Motion for More Definite Statement is GRANTED; and

3.  Plaintiff shall file an Amended Complaint by April 3, 2013.

**SO ORDERED.**

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date: March 13, 2013

2